IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : |
| vs. | : 1:03-CR-35 (WLS) |
| MARCEDES POPE, | : |
| Defendant. | : |

**ORDER**

Presently pending before the Court is Defendant's motion for an extension of time to file her petition for relief under 28 U.S.C. § 2255. (Tab 28). For the following reasons, the motion (Tab 28) is **DENIED.**

Many circuits hold that federal courts lack jurisdiction to extend the filing date for a § 2255 petition. "'[A] federal court lacks jurisdiction to consider the timeliness of a § 2255 petition until a petition is actually filed.'" U.S. v. Shipman, 02-40759 (5th Cir. 2003) (quoting, U.S. Leon, 203 F.3d 162, 163 (2nd Cir. 2000). Because a petition has not been filed there exists no case or controversy before the court. Id. The Second Circuit has since modified its rule to state that the district court can entertain a motion for an extension to file a § 2255 petition in limited circumstances. Green v. U.S., 260 F.3d 78 (2nd Cir. 2001). In order to entertain a motion for an extension of time to file the petition, the motion must be accompanied by the petition, or the motion itself must be able to be construed as a § 2255 petition. No other circuit appears to have adopted the Green extension and seem to adhere that motions to extend are not proper. The Eleventh Circuit does not appear to have addressed the topic. The various other circuits, while frowning upon motions for extensions, does allow equitable tolling of the limitations period in some circumstances for petitions that were untimely filed. U.S. v. Patterson, 211 F.3d 927 (5th

Cir. 2000).

As the vast weight of authority is not in favor of allowing the consideration of motions for extensions of time to file a § 2255 petition, Defendant's motion for an extension of time to file her § 2255 motion (Tab 28) is **DENIED**.  Further, even if this Court were to adopt the Second Circuit's view, Defendant did not file contemporaneously a § 2255 petition and there are insufficient allegations in the motion for an extension to view it as such a petition.  If Defendant should file an untimely petition, the question of whether the one year statute of limitations should be tolled can be addressed at that time.

**SO ORDERED**, this   14th   day of July, 2005.


　　　　　　　　　　　　　　　　　　　　　　 /s/W. Louis Sands
　　　　　　　　　　　　　　　　　　　　　　**W. LOUIS SANDS, CHIEF JUDGE**
　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT**